# IN THE UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | |
|---|---|
| **JOHN W. OLLER, JR.** | **CIVIL ACTION NO. 611-CV-02207** |
| **VERSUS** | **JUDGE RICHARD T. HAIK, SR.** |
| **NANCYE C. ROUSSEL, individually and in her official capacity as Head of the Department of Communicative Disorders at the University of Louisiana at Lafayette; A. DAVID BARRY, individually and in his official capacity as Dean of College of Liberal Arts at the University of Louisiana at Lafayette, MARTIN J. BALL, Individually, Professor of Communicative Disorders at the University of Louisiana at Lafayette** | **MAGISTRATE C. MICHAEL HILL** |

---

## ANSWER TO PLAINTIFF'S COMPLAINT

---

    **NOW INTO COURT,** through undersigned counsel come Defendants, Nancye Roussel, individually and in her official capacity as the Head of the Department of Communicative Disorders for the University of Louisiana at Lafayette, A. David Barry, individually and in his official capacity as the Dean of the College of Liberal Arts for the University of Louisiana at Lafayette, and Martin J. Ball, Individually and in his capacity as a Professor of Communicative Disorders at the University of Louisiana at Lafayette, who in Answer to the Complaint of John W. Oller, Jr. aver the following:

## INTRODUCTION

### 1.

The allegations contained in Paragraph 1 of Plaintiff's Complaint express conclusions of law and do not call for an answer from these Defendants.

### 2.

Except to admit the University of Louisiana at Lafayette (sometimes hereinafter referred to as "UL") is an institution of higher learning and by policy pledges to preserve academic freedom, including the freedom to "study, discuss, investigate, teach conduct research, and publish as appropriate to their respective roles and responsibilities", the allegations contained in Paragraph 2 of Plaintiff's Complaint are denied.

### 3.

The allegations contained in Paragraph 3 of Plaintiff's Complaint are denied. This statement is far too broad as to the academic qualifications and research abilities of Dr. Oller.

### 4.

The allegations contained in Paragraph 4 of Plaintiff's Complaint are denied. In further Answering, Plaintiff's beliefs/views on alleged matters of public concern were never a factor in the decision to offer his courses and use his textbook.

### 5.

The allegations contained in Paragraph 5 of Plaintiff's Complaint are denied as written.

**JURISDICTION**

**6.**

The allegations contained in Paragraph 6 of Plaintiff's Complaint express conclusions of law and do not call for an answer from these Defendants; however, insofar as an answer is called for, the allegations contained in said Paragraph are denied. In further answering, Defendants specifically deny that any of the state law claims alleged by Plaintiff in his Complaint are sufficiently related to any of the federal question claims alleged by Plaintiff so as to form part of the same controversy or common nucleus of operative fact. Therefore, Defendants deny that this Court has supplemental and/or pendant jurisdiction over any of the state law claims alleged by Plaintiff in his Complaint.

**7.**

The allegations contained in Paragraph 7 of Plaintiff's Complaint express conclusions of law and do not call for an answer from these Defendants; however, insofar as an answer is called for, the allegations contained in said Paragraph are denied.

**PLAINTIFF**

**8.**

The allegations contained in Paragraph 8 of Plaintiff's Complaint are admitted.

**DEFENDANTS**

**9.**

Except to admit that Nancye C. Roussel is an Associate Professor of Communicative Disorders at UL and currently serves as the Head of the Communicative Disorders ("CODI")

Department, the allegations contained in Paragraph 9 of Plaintiff's Complaint are denied. There exist no promissory or contractual obligations between Dr. Oller and Dr. Nancye Roussel as Head of the Department of Communicative Disorders.

**10.**

Except to admit David A. Barry was the Dean of the College of Liberal Arts at UL, the allegations contained in Paragraph 10 of Plaintiff's Complaint are denied. There are no promissory or contractual obligations between Dr. Oller and Dr. David Barry as Dean of the College of Liberal Arts. Dean Barry has never addressed issues of First Amendment rights with Dr. Oller.

**11.**

Except to admit Martin J. Ball is a Professor of Communicative Disorders at UL and that he served as Chair of the CODI Department from April 2004 through the spring semester of 2008, the allegations contained in Paragraph 11 of Plaintiff's Complaint are denied. There existed no promissory or contractual obligations between Dr. Oller and Dr. Martin J. Ball as past Head of the Department of Communicative Disorders or as a Professor of Communicative Disorders.

**FACTUAL BACKGROUND**

**12.**

The allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

**13.**

The allegations contained in Paragraph 13 of Plaintiff's Complaint are denied.

**14.**

The allegations contained in Paragraph 14 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**15.**

The allegations contained in Paragraph 15 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**16.**

The allegations contained in Paragraph 16 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**17.**

The allegations contained in Paragraph 17 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**18.**

The allegations contained in Paragraph 18 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**19.**

The allegations contained in Paragraph 19 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**20.**

The allegations contained in Paragraph 20 of Plaintiff's Complaint are admitted.

**21.**

The allegations contained in Paragraph 21 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**22.**

The allegations contained in Paragraph 22 of Plaintiff's Complaint are denied.

**23.**

The allegations contained in Paragraph 23 of Plaintiff's Complaint are denied.  In further answering, Defendants aver that Dr. Oller is a professor of theoretical/linguistics not communicative disorders.

**24.**

The allegations contained in Paragraph 24 of Plaintiff's Complaint are denied.  In further answering, Defendants aver that the difference in beliefs/views by Plaintiff and Defendants was never a factor in decisions related to Plaintiff's courses and textbooks.

**25.**

The allegations contained in Paragraph 25 of Plaintiff's Complaint are denied.

**26.**

Except to admit on April 21, 2006, Professor Nicole Muller emailed the CODI Department with her concerns related to the content of Dr. Oller's faculty website, the allegations contained in Paragraph 26 of Plaintiff's Complaint are denied.

**27.**

Except to admit on April 25, 2006, Jack Damico responded to Muller's email regarding her concerns with the content of Dr. Oller's faculty website, the allegations contained in Paragraph 27 of Plaintiff's Complaint are denied.

**28.**

The allegations contained in Paragraph 28 of Plaintiff's Complaint are denied.

**29.**

The allegations contained in Paragraph 29 of Plaintiff's Complaint are admitted.

**30.**

The allegations contained in Paragraph 30 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**31.**

The allegations contained in Paragraph 31 of Plaintiff's Complaint are denied. Defendants further aver that Defendant Ball attempted and succeeded in rescheduling Plaintiff's presentation, not cancel it.

**32.**

The allegations contained in Paragraph 32 of Plaintiff's Complaint are denied.

**33.**

Except to admit that Plaintiff's textbook *Autism: Diagnosis, Treatment, & Etiology of the Undeniable Epidemic* was published by Jones & Bartlett in September of 2009 with a copyright date of 2010, the allegations contained in Paragraph 33 of Plaintiff's Complaint are denied.

**34.**

The allegations contained in Paragraph 34 of Plaintiff's Complaint are denied.

**35.**

The allegations contained in Paragraph 35 of Plaintiff's Complaint are denied.

**36.**

The allegations contained in Paragraph 36 of Plaintiff's Complaint are denied.

**37.**

The allegations contained in Paragraph 37 of Plaintiff's Complaint are denied.

**38.**

The allegations contained in Paragraph 38 of Plaintiff's Complaint are denied.  In further answering, Defendants aver that Plaintiff's graduate level courses were cancelled because graduate students elected not take the courses Plaintiff offered.

**39.**

The allegations contained in Paragraph 39 of Plaintiff's Complaint are denied. In further answering, Defendants aver that Plaintiff was assigned to teach undergraduate CODI Courses because his graduate level courses were lacking in enrollment.  Plaintiff was allowed to offer an elective on autism; however, first year masters level CODI students are not allowed to take electives.  The first year course he offered was available to second year students, however, it conflicted with a required CODI course, and thus enrollment was poor.

**40.**

The allegations contained in Paragraph 40 of Plaintiff's Complaint are denied.

**41.**

Except to admit Plaintiff authored *Milestones: Speech and Language Development Across the Lifespan* and *Cases Introducing Communication Disorders Across the Life* Span, the allegations contained in Paragraph 41 of Plaintiff's Complaint are denied.

**42.**

Except to admit in the spring of 2010 CODI 274 was assigned to a Ph.D. student to fulfill his/her teaching requirement, the allegations contained in Paragraph 42 of Plaintiff's Complaint are denied.

**43.**

The allegations contained in Paragraph 43 of Plaintiff's Complaint are denied.

**44.**

The allegations contained in Paragraph 44 of Plaintiff's Complaint are denied.

**45.**

The allegations contained in Paragraph 45 of Plaintiff's Complaint are denied.  In further answering, Defendants aver that they did not deny Plaintiff the opportunity to teach graduate level courses.  Rather, the courses he offered were not selected by many graduate level students.

**46.**

The allegations contained in Paragraph 46 of Plaintiff's Complaint are admitted.

**47.**

The allegations contained in Paragraph 47 of Plaintiff's Complaint are denied.

**48.**

The allegations contained in Paragraph 48 of Plaintiff's Complaint are admitted.

**49.**

Except to admit, the course development was addressed by Defendant Roussel in response to a proposal for a grant by Dr. Oller to offer his existing courses online, the allegations contained in Paragraph 49 of Plaintiff's Complaint are denied.

**50.**

The allegations contained in Paragraph 50 of Plaintiff's Complaint are denied.

**51.**

The allegations contained in Paragraph 51 of Plaintiff's Complaint are denied.

**52.**

The allegations contained in Paragraph 52 of Plaintiff's Complaint are denied.

**53.**

The allegations contained in Paragraph 53 of Plaintiff's Complaint are denied.

**54.**

The allegations contained in Paragraph 54 of Plaintiff's Complaint are denied.

**55.**

The allegations contained in Paragraph 55 of Plaintiff's Complaint are denied.

**56.**

Except to admit Defendant Roussel received over 200 email messages with concerns about Plaintiff's teaching on vaccinations and autism, the allegations contained in Paragraph 56 of Plaintiff's Complaint are denied.

**57.**

Except to admit the email messages were generated from Change.org, the allegations contained in Paragraph 57 of Plaintiff's Complaint are denied.

**58.**

The allegations contained in Paragraph 58 of Plaintiff's Complaint are denied.

**59.**

Except to admit the CODI Curriculum Committee recommends the appropriate textbooks for use in teaching CODI courses, the allegations contained in Paragraph 59 of Plaintiff's Complaint are denied. The current curriculum committee only recommends textbooks for courses with multiple instructors either in one semester or across semesters. The practice for of choosing one text for multiple sections of a course is intended to insure content for progression by students through the curriculum to graduation. Moreover, it is common practice in undergraduate level for undergraduate courses to be taught at various times by multiple faculty in all departments.

**60.**

Except to admit Plaintiff was asked not to use his textbook as a primary text for CODI courses 274 and 118 because these classes were multi-section courses requiring a different text book, the allegations contained in Paragraph 60 of Plaintiff's Complaint are denied.  In further

answering, Defendants aver that it is common practice and known by all professors that they can use different textbooks as a secondary source in their courses.

**61.**

Except to admit that CODI courses 118 and 274 were multi-sectional and the purpose of the text assignments was to provide "continuity across sections of undergraduate classes taught by various faculty and graduate students", the allegations contained in Paragraph 61 of Plaintiff's Complaint are denied.

**62.**

The allegations contained in Paragraph 62 of Plaintiff's Complaint are denied. In further answering, Defendants aver that Plaintiff was allowed to use his text book as a secondary source in teaching CODI courses 274 and 118.

**63.**

The allegations contained in Paragraph 63 of Plaintiff's Complaint are denied.

**64.**

Except to admit no CODI faculty has been subject to censorship, the allegations contained in Paragraph 64 of Plaintiff's Complaint are denied.

**65.**

The allegations contained in Paragraph 65 of Plaintiff's Complaint are admitted.

13

**66.**

The allegations contained in Paragraph 66 of Plaintiff's Complaint are admitted.

**67.**

The allegations contained in Paragraph 67 of Plaintiff's Complaint are admitted.

**68.**

The allegations contained in Paragraph 68 of Plaintiff's Complaint are admitted.

**69.**

The allegations contained in Paragraph 69 of Plaintiff's Complaint are denied.

**70.**

The allegations contained in Paragraph 70 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**71.**

Except to admit the CODI 118 section taught by Plaintiff was moved to a room accommodating 30 students, the allegations contained in Paragraph 70 of Plaintiff's Complaint are denied. In further answering, Defendant Roussel avers that the larger classroom was required to accommodate a large master's level course.

**72.**

The allegations contained in Paragraph 72 of Plaintiff's Complaint are denied.

**73.**

Except to admit Plaintiff's teaching assignments for the Spring 2012 semester were adjusted, the allegations contained in Paragraph 73 of Plaintiff's Complaint are denied.

**74.**

Except to admit Plaintiff's teaching responsibilities included CODI 274, and two sections of UNIV 100 (during the Spring 2012 semester) the allegations contained in Paragraph 74 of Plaintiff's Complaint are denied.

**75.**

The allegations contained in Paragraph 75 of Plaintiff's Complaint are denied. In further answering, Defendants aver that CODI students elected not to take the classes offered by Plaintiff.

**76.**

The allegations contained in Paragraph 76 of Plaintiff's Complaint are admitted. In further answering, Defendants aver that low student enrollment in Plaintiff's graduate level classes led to their cancellation.  Additionally, Plaintiff has not directed the research of or on a committee for the Ph.D students in CODI since 2007.

**77.**

The allegations contained in Paragraph 77 of Plaintiff's Complaint are denied.

**78.**

The allegations contained in Paragraph 78 of Plaintiff's Complaint are admitted.

**79.**

Except to admit that the UL Faculty Handbook is the best evidence of its contents with regard to allegations contained in Paragraph 79 of Plaintiff's Complaint referencing said handbook, the allegations are denied. Defendants herein incorporate same by reference.

**80.**

Except to admit that the UL Faculty Handbook is the best evidence of its contents with regard to allegations contained in Paragraph 80 of Plaintiff's Complaint referencing said handbook, the allegations are denied. Defendants herein incorporate same by reference.

**81.**

Except to admit that the UL Faculty Handbook is the best evidence of its contents with regard to allegations contained in Paragraph 81 of Plaintiff's Complaint referencing said handbook, the allegations are denied. Defendants herein incorporate same by reference.

**82.**

Except to admit that the UL Faculty Handbook is the best evidence of its contents with regard to allegations contained in Paragraph 82 of Plaintiff's Complaint referencing said handbook, the allegations are denied. Defendants herein incorporate same by reference.

**83.**

Except to admit that the UL Faculty Handbook is the best evidence of its contents with regard to allegations contained in Paragraph 83 of Plaintiff's Complaint referencing said handbook, the allegations are denied. Defendants herein incorporate same by reference.

**84.**

Except to admit that the UL Faculty Handbook is the best evidence of its contents with regard to allegations contained in Paragraph 84 of Plaintiff's Complaint referencing said handbook, the allegations are denied. Defendants herein incorporate same by reference.

**85.**

Except to admit that the UL Faculty Handbook is the best evidence of its contents with regard to allegations contained in Paragraph 85 of Plaintiff's Complaint referencing said handbook, the allegations are denied. Defendants herein incorporate same by reference.

**86.**

Except to admit that the UL Faculty Handbook is the best evidence of its contents with regard to allegations contained in Paragraph 86 of Plaintiff's Complaint referencing said handbook, the allegations are denied. Defendants herein incorporate same by reference.

**87.**

Except to admit that the UL Faculty Handbook is the best evidence of its contents with regard to allegations contained in Paragraph 87 of Plaintiff's Complaint referencing said

handbook, the allegations in Paragraph 87 of the Complaint are denied. Defendants herein incorporate same by reference.

**88.**

Except to admit that the Board of Supervisors for the University of Louisiana System has issued "Board Bylaws and Rules" and those Bylaws and Rules are the best evidence of the contents, the allegations in Paragraph 88 of the Complaint are denied.

**89.**

The allegations contained in Paragraph 89 of Plaintiff's Complaint are admitted.

**90.**

Except to admit that the UL Faculty Handbook is the best evidence of its contents, the allegations in Paragraph 90 of the Complaint are denied. Defendants herein incorporate same by reference.

**91.**

Except to admit that the UL Faculty Handbook is the best evidence of its contents, the allegations in Paragraph 91 of the Complaint are denied. Defendants herein incorporate same by reference.

**92.**

The allegations contained in Paragraph 92 of Plaintiff's Complaint are denied.

**93.**

The allegations contained in Paragraph 93 of Plaintiff's Complaint are denied.

**94.**

The allegations contained in Paragraph 94 of Plaintiff's Complaint are denied.

**95.**

The allegations contained in Paragraph 95 of Plaintiff's Complaint are denied.

**96.**

The allegations contained in Paragraph 96 of Plaintiff's Complaint are denied.

**97.**

Except to admit that the UL Faculty Handbook is the best evidence of its contents, the allegations in Paragraph 97 of the Complaint are denied. Defendants herein incorporate same by reference.

**98.**

The allegations contained in Paragraph 98 of Plaintiff's Complaint are denied.

**99.**

The allegations contained in Paragraph 99 of Plaintiff's Complaint are denied.

**100.**

The allegations contained in Paragraph 100 of Plaintiff's Complaint are denied.

**101.**

The allegations contained in Paragraph 101 of Plaintiff's Complaint are denied.

**102.**

The allegations contained in Paragraph 102 of Plaintiff's Complaint are denied.

**103.**

The allegations contained in Paragraph 103 of Plaintiff's Complaint are denied.

**104.**

The allegations contained in Paragraph 104 of Plaintiff's Complaint are denied.

**105.**

The allegations contained in Paragraph 105 of Plaintiff's Complaint are denied.

**106.**

The allegations contained in Paragraph 106 of Plaintiff's Complaint are denied.

**107.**

The allegations contained in Paragraph 107 of Plaintiff's Complaint are denied.

**HARM TO PLAINTIFF**

**108.**

The allegations contained in Paragraph 108 of Plaintiff's Complaint are denied.

## ALLEGATIONS OF LAW

### 109.

The allegations contained in Paragraph 109 of Plaintiff's Complaint are denied.

### 110.

The allegations contained in Paragraph 110 of Plaintiff's Complaint are denied.

## FIRST CAUSE OF ACTION
### Violation of Plaintiff's First Amendment Right to Free Speech

### 111.

Defendants re-allege and incorporate herein, as though fully set forth, paragraphs 1-110 of this Answer.

### 112.

The allegations contained in Paragraph 112 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

### 113.

The allegations contained in Paragraph 113 of Plaintiff's Complaint are denied.

### 114.

The allegations contained in Paragraph 114 of Plaintiff's Complaint are denied.

## SECOND CAUSE OF ACTION
**Violation of Plaintiff's First Amendment Right to Protection from Retaliation**

### 115.

Defendants re-allege and incorporate herein, as though fully set forth, paragraphs 1-110 of this Answer.

### 116.

The allegations contained in Paragraph 116 of Plaintiff's Complaint are denied.

### 117.

The allegations contained in Paragraph 117 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

### 118.

The allegations contained in Paragraph 118 of Plaintiff's Complaint are admitted.

### 119.

The allegations contained in Paragraph 119 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

### 120.

The allegations contained in Paragraph 120 of Plaintiff's Complaint are denied.

### 121.

The allegations contained in Paragraph 121 of Plaintiff's Complaint are denied.

**122.**

The allegations contained in Paragraph 122 of Plaintiff's Complaint are denied.

**THIRD CAUSE OF ACTION**
**Breach of Contract and Detrimental Reliance**

**123.**

Defendants re-allege and incorporate herein, as though fully set forth, paragraphs 1-110 of this Complaint.

**124.**

The allegations contained in Paragraph 124 of Plaintiff's Complaint are denied.

**125.**

The allegations contained in Paragraph 125 of Plaintiff's Complaint are denied.

**126.**

The allegations contained in Paragraph 126 of Plaintiff's Complaint are denied.

**127.**

The allegations contained in Paragraph 127 of Plaintiff's Complaint are denied.

**128.**

The allegations contained in Paragraph 128 of Plaintiff's Complaint are denied.

**129.**

The allegations contained in Paragraph 129 of Plaintiff's Complaint are denied.

**130.**

The allegations contained in Paragraph 130 of Plaintiff's Complaint are denied.

**131.**

The allegations contained in Paragraph 131 of Plaintiff's Complaint are denied.

**132.**

The allegations contained in Paragraph 132 of Plaintiff's Complaint are denied.

**AND NOW,** further answering Plaintiff's Complaint, Defendants aver the following:

## AFFIRMATIVE DEFENSE NO. 1

Defendants deny any and all liability to Plaintiff in this matter. Plaintiff  has not been denied by the department or the departmental administration the opportunity to teach any CODI students. Within the Department of Communicative Disorders, there are two structures which address this claim. First, the doctoral program in Applied Language and Speech Sciences, as is the case in other doctoral programs at the university, establishes graduate level course offerings based upon the expertise of individual faculty, student interest in areas for advanced studies, direction of research for dissertations (students establish their committees based on faculty interest, areas of expertise and research) and program requirements. Course offerings at the graduate level are dependent on student enrollment. For several years, the department scheduled graduate level courses for Plaintiff which reflected his expertise and interests. Over several semesters, no students enrolled for these classes and they were subsequently cancelled because of enrollment factors. At the same time, Plaintiff has had no graduate students since

2007 who elected to do research with Plaintiff as dissertation director or even as a member of their dissertation committee. He was, therefore, not denied the opportunity to teach graduate students.

At the undergraduate level, which is largely an applied program for students intending to become licensed speech pathologists, Plaintiff had no experience or qualifications to teach applied or clinical courses. Plaintiff received a Ph.D. degree from the University of Rochester in 1969. His area of expertise and research is listed as Linguistics with a dissertation entitled: "The Coding of Information in Natural Languages: A Psycholinguistic Theory". Plaintiff does have expertise in "language acquisition and development" and, marginally, in communicative disorders from a theoretical standpoint in linguistics. He does not, however, have any background in "autism causation and remediation" as he asserts since his basis for these claims require an expertise in biology, microbiology, physical neurology, immunology and/or extensive clinical experience in communication disorders, specifically autism. Plaintiff has absolutely no clinical training or license.

In other, more theoretical courses, there exists a strict articulation of content between courses at various levels in order to master concepts and materials required to progress through their degree programs at the bachelor's and master's levels. Accreditation mandates certain material concepts be mastered by students to progress to degree completion and licensure. Over the last several years, students who had taken Plaintiff's classes reported that they were not presented with the necessary material as they proceeded to subsequent classes and that he refused to follow content rubrics as designed by the profession and the departmental curriculum committee. This narrow, highly marginal approach to communication disorders also explains the reason the departmental curriculum committee and department head(s) would not allow the use of textbooks authored by Plaintiff.

Plaintiff's autism textbook as opposed to the other two textbooks was based on the Wakefield study determining a causal relationship between autism and vaccinations. The Wakefield study was disproved, and the CDC made a professional statement refuting the link between autism and vaccinations. Plaintiff disagrees with the CDC, but has no qualifications, training, or credentials in the clinical approach for autism or in the area of autism vs. vaccinations.   In fact, Plaintiff refused to perform clinical studies for his book on autism. Furthermore, the curriculum committee elected not to use his textbook for the CODI 118 and 274, because the courses were multi-section courses and much of the required material was not covered by his textbook. He was allowed to use his textbook as a secondary source in his classes.

Defendants do not restrict what Plaintiff teaches in his classes. Even in the case of the textbook, any instructor is at liberty to assign supplementary texts and ask their students to read them.

**AFFIRMATIVE DEFENSE NO. 2**

Plaintiff has failed to state a claim or cause of action against these Defendants upon which relief can be granted.

**AFFIRMATIVE DEFENSE NO. 3**

The Court lacks pendant and/or supplemental jurisdiction to adjudicate the state law claims raised in Plaintiff's Complaint.

**AFFIRMATIVE DEFENSE NO. 4**

Defendants plead all statutory and common law immunities to which they are entitled, specifically including qualified immunity.

### <u>AFFIRMATIVE DEFENSE NO. 5</u>

Defendants assert the defense of comparative fault, and aver that Plaintiff's damages, if any, arose solely from his own fault or from the fault of others over whom Defendants have no control or responsibility.

### <u>AFFIRMATIVE DEFENSE NO. 6</u>

Defendants assert that there is no evidence to suggest that they or any of their agents did anything improper.

### <u>AFFIRMATIVE DEFENSE NO. 7</u>

Defendants aver that neither they nor any person for whom they may have been responsible were guilty of any violations of civil rights granted by state or federal law.

### <u>AFFIRMATIVE DEFENSE NO. 8</u>

Defendants expressly reserve the right to amend this answer to plead such affirmative defenses and other defenses as further investigation and/or discovery may warrant.

**WHEREFORE,** premises considered, Defendants respectfully pray that this answer be deemed good and sufficient, that it be filed into the records of these proceedings, and after all legal delays are had, and appropriate proceedings are conducted herein, that there be a judgment in favor of the defendants, Nancye Roussel, individually and in her official capacity as

the Head of the Department of Communicative Disorders for the University of Louisiana at

Lafayette, A. David Barry, individually and in his official capacity as the Dean of the College of

Liberal Arts for the University of Louisiana at Lafayette, and Martin J. Ball, Individually and in

his capacity as a Professor of Communicative Disorders at the University of Louisiana at

Lafayette dismissing Plaintiff's Original Complaint at Plaintiff's costs.

Respectfully submitted,

**JAMES D. "BUDDY" CALDWELL**
**ATTORNEY GENERAL**


By:      _/s/Cearley W. Fontenot_____
**STEPHEN J. OATS, Bar Roll No. 2018**
**CEARLEY W. FONTENOT, Bar Roll No. 30502**
**Special Assistant Attorney General**
OATS & HUDSON
Suite 400, Gordon Square
100 East Vermilion Street
Lafayette, Louisiana 70501
(337) 233-1100


**ATTORNEY FOR DEFENDANTS, Nancye C.**
**Roussel, A. David Barry and Martin J. Ball**

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2012, I electronically submitted the foregoing document to the Clerk of Court via the CE/ECF system, which will send notification of such filing to the following:

Mr. John B. Wells

johnlawesq@msn.com

Mr. David J. Hacker

dhacker@telladf.org

/s/ Cearley W. Fontenot

**CEARLEY W. FONTENOT**