U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

FEB 3 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

Oller                         Civil Action No. 11-02207

versus                     Judge Richard T. Haik, Sr.

Roussel, et al             Magistrate Judge C. Michael Hill

## MEMORANDUM RULING

Before the Court is a Motion For Partial Summary Judgment [Rec. Doc. 34] filed by defendants, Nancye Roussel, individually and in her official capacity as Head of the Department of Communicative Disorders at the University of Louisiana at Lafayette, A. David Barry, individually and in his official capacity as Dean of College of Liberal Arts at the University of Louisiana at Lafayette, and Martin J. Ball, individually and as Professor of Communicative Disorders at the University of Louisiana at Lafayette; plaintiff, John W. Oller's, Opposition thereto and Cross Motion For Summary Judgment [Rec. Doc. 44], defendants' Opposition to plaintiff's Cross Motion For Summary Judgment [Rec. Doc. 48]; and, plaintiff's Reply thereto [Rec. Doc. 57]. For the following reasons, defendants' motion will be denied and plaintiff's cross motion will be denied.

In 1997, Dr. John Oller ("Oller") joined the University of Louisiana at Lafayette ("ULL") in the Department of Communicative Disorders ("CODI Department") as a tenured professor. Oller's qualifications included that he had taught courses at the university level for many years and had published a number of peer-reviewed books and articles in professional journals. *R. 44-2.* On December 14,

2011, Oller filed this Verified Complaint against defendants in their individual and official capacities with ULL, alleging claims under 42 U.S.C. § 1983 for violation of his First Amendment right to freedom of speech and freedom of religious expression as well as state law claims of breach of contract, and defamation *R. 1 Complaint; R. 46, 1st Amded Complaint.*

In particular, Oller alleges his contract with ULL included a promise to provide academic freedom[1] and academic responsibilities conforming to a Track 4 workload designation which carries a "teaching load [of] virtually all graduate courses; faculty in this track [are] expected to hold Graduate Faculty status and be actively involved in teaching and directing doctoral students." *R. 1-2;R. 44-1, ¶¶ 10,11.* Oller further alleges that providing students with his viewpoints on controversial issues such as vaccinations and autism have resulted in defendants' actions including "the methodical removal of Dr. Oller from all opportunities to lecture or teach students within his department, the censorship of Dr. Oller's authored textbooks from UL curriculum based on Defendants' disagreement and/or opposition to Dr. Oller's views on matters of academic relevance and public concern, in denying Dr. Oller academic freedom in his pursuits and responsibilities at UL in conformance with UL policy, and the failure to assign Dr. Oller academic responsibilities conforming to his UL

---

[1] The Academic Freedom Policy states:
    Academic freedom is the right of members of the academic community freely to study, discuss, investigate, teach, conduct research, and publish as appropriate to their respective roles and responsibilities. Because the common good depends upon the free search for and exposition of truth and understanding, full freedom in research and publication is essential, as is the freedom to discuss scholarly subjects in the class room.
*R. 44-1, ¶ 11.*

2.

Track 4 workload track designation." *R. 44-2*. Oller also alleges defendants defamed him "by making patently false and outrageous statements about his abilities as a professor, his teachings and his reputation in the general academic community." *Id.* Oller contends the aforesaid actions resulted in his re-designation as a Track 3 professor and being stripped of his professorship.[2]

Defendants filed their motion asserting that, pursuant to applicable jurisprudence, the Faculty Handbook does not constitute an employment contract between the parties, and therefore, Oller's claim for breach of contract must be dismissed. *R. 34*. In response, Oller opposed defendants' motion arguing that the jurisprudence cited by defendants is distinguishable because the cases did not involve a "tenured" professor, as in this case. Oller further argues that genuine issues of material fact exist based on the "representations by both word and conduct" made to plaintiff at the time of his employment. *R.42*.

Oller also filed a cross motion for summary judgment against defendants contending that he is entitled to summary judgment on all of his claims because the undisputed facts establish: (1) defendants' actions resulted in depriving him of freedom of speech related to his textbooks and teachings–matters of public concern– and therefore violated his First Amendment rights; (2) Oller relied on defendants' representations that he would be given reasonable academic freedom when he accepted his position and he has suffered a change in position to his detriment as a

---

[2] Oller alleges in this Complaint that he was the Doris B. Hawthorne Board of Regents support Fund Endowed Professor IV in the CODI department. *R. 1, ¶ 8*.

result; and, (3) defendants were at fault by publishing false statements with defamatory words (letters and emails to faculty), which caused him harm. *44-1.*

In their opposition to plaintiff's cross motion, defendants argue that Oller's academic freedom has remained intact throughout his tenure at ULL and he suffered no retaliatory action. Defendants cite the affidavit of defendant, Nancye C. Roussel, CODI department Head, which states: (1) it was within the purview of the CODI department to require a standard text book for multi-sectional undergraduate courses and Oller's text was not selected; (2) Oller, as all professors, is permitted to use a secondary text of his own choosing in addition to the standard text and Oller uses his own textbook as a secondary text in the courses he teaches; (3) she received direct student complaints with regard to Oller's focus in every class session on "autism, vaccinations and mercury;" and, (4) she did not participate in the selection of the professor to receive the Doris B. Hawthorne Professorship. *R. 48-1.*

A motion for summary judgment can only be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Before a court can find that there are no genuine issues of material facts it must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Ladue v. Chevron, U.S.A., Inc.*, 920 F.2d 272 (5th Cir. 1991).

Here, the parties have each submitted only their own sworn affidavits which provide different versions of the relevant facts. Neither has provided the Court with

4.

sufficient evidence to show that there is no genuine issue of material fact or that either is entitled to judgment as a matter of law. A case in such a posture is not properly disposed of by summary judgment. Accordingly, the Court will deny defendants' Motion For Partial Summary Judgment and plaintiff's Motion For Summary Judgment.

                                                       Richard T. Haik, Sr.
                                                       United States District Judge.