RECEIVED
MAY - 2 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Oller                                                      Civil Action No. 11-02207

versus                                                     Judge Richard T. Haik, Sr.

Roussel, et al                                             Magistrate Judge C. Michael Hill

## MEMORANDUM RULING

Before the Court is a Motion To Re-Urge Motion For Partial Summary Judgment [Rec. Doc. 62] filed by defendants, Nancye Roussel, individually and in her official capacity as Head of the Department of Communicative Disorders at the University of Louisiana at Lafayette, A. David Barry, individually and in his official capacity as Dean of College of Liberal Arts at the University of Louisiana at Lafayette, and Martin J. Ball, individually and as Professor of Communicative Disorders at the University of Louisiana at Lafayette; and plaintiff, John W. Oller's, Opposition thereto [Rec. Doc. 77].

In his Verified Complaint and Amended Complaint, plaintiff alleges actions under 42 U.S.C. § 1983 for violation of his First Amendment right to free speech and freedom from retaliation as well as State law claims of breach of contract of contract, detrimental reliance and defamation *R. 1 Complaint; R. 46, 1st Amded Complaint*. On February 3, 2014, the Court denied defendants' Motion For Partial Summary Judgment and plaintiff's Motion For Summary Judgment finding that genuine issues of material fact existed. Now, defendants move the Court to reconsider their motion for partial summary judgment related only to plaintiff's breach of contract claim. In

light of defendants' assertion that its motion is related <u>only</u> to plaintiff's breach of contract claims against defendants, the Court will consider defendants' motion in that regard.

Plaintiff, a tenured professor in the Department of Communicative Disorders ("CODI") at the University of Louisiana at Lafayette ("ULL"), contends that defendants, also employees of ULL, acted as agents of the University in denying him academic freedom as required by the ULL Faculty Handbook, R. 1-2. Plaintiff alleges defendants breached his contract by intentionally taking actions which violated the provisions of the Faculty Handbook. The Faculty Handbook contains unilateral expressions of the University's policies and guidelines and is merely informational in nature. *R. 1-2.* Under Louisiana law, the four elements of a valid contract are: (1) the parties must possess the capacity to contract; (2) the parties' mutual consent must be freely given; (3) there must be a certain object for the contract; and (4) the contract must have a lawful purpose. *Worley v. Chandler*, 7 So.3d 38, 41-42 (La.App. 2 Cir.,2009). The court must find that there was a meeting of the minds to constitute consent. *Id.* at 42.

Because the Faculty Handbook contains no provisions indicating any agreement between the parties, it cannot be construed as a contract under Louisiana law. See e.g., *Malakoff v. Alton Ochsner Medical Foundation*, 2000 WL 805232, 3 (E.D.La.,2000); *Schwarz v. Administrators of Tulane Educ. Fund*, 699 So.2d 895 (La.App. 4th Cir.1987) (failure to grant tenure to professor upon terms and conditions set forth in faculty handbook did not breach any contract between university and

professor where the handbook was a unilateral expression of policy and did not represent a meeting of the minds). As "no action for breach of contract may lie in the absence of privity of contract between the parties" plaintiff's breach of contract claim must be dismissed. *A & E Engine and Compression, Inc. v. Miss-Lou Petroleum, LLC,* 2010 WL 1005870, 2 (La.App. 1 Cir.,2010).

Accordingly, the Court will grant defendants' Motion To Re-Urge Motion For Partial Summary Judgment.

_____
Richard T. Haik, Sr.
United States District Judge.