IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JOHN W. OLLER | CIVIL ACTION NO. 6-11-CV-02207 |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| NANCYE ROUSSEL, individually and in her official capacity as Head of the Department of Communicative Disorders at the University of Louisiana at Lafayette; A. DAVID BARRY, individually and in his official capacity as Dean of College of Liberal Arts at the University of Louisiana at Lafayette, MARTIN J. BALL, individually, Professor of Communicative Disorders at the University of Louisiana at Lafayette. | MAGISTRATE C. MICHAEL HILL |

### MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL A SECOND DEPOSITION OF DEFENDANT NANCYE ROUSSEL FOR LIMITED PURPOSES

This Memorandum is submitted on behalf of Defendants, Dr. Nancye Roussel, Dr. Martin J. Ball and Dr. A. David Barry ("Defendants") in opposition to John Oller's ("Plaintiff") Motion to Compel a Second Deposition of Defendant Nancye Roussel for Limited Purposes. Defendants oppose Plaintiff's Motion on the grounds that a second deposition is unnecessary, overly burdensome, and nothing more than an attempt to harass Defendant Roussel.

    A.    Oller's attorney does not have good cause to compel a second deposition of Dr. Roussel.

On December 2, 2013, Plaintiff took the deposition of Defendant, Dr. Nancye Roussel. The deposition lasted approximately three and a half hours, beginning at 10:36 a.m. and

1

concluding at 2:02 p.m. During that time, plaintiff had ample opportunity to obtain the information he desired from Dr. Roussel. At the conclusion of the deposition, Dr. Roussel was asked a series of questions regarding whether she made certain statements to Dr. Oller, to which she responded under oath that she did not make said statements. Presumably, in an attempt to remind Dr. Roussel that she was under oath, Dr. Oller's attorney asked her if she would be willing to "take a polygraph to that effect". When Dr. Roussel answered in the affirmative, Plaintiff's counsel promptly concluded the deposition by stating that he would schedule said polygraph. Despite Plaintiff counsel's suggestion to the contrary, Dr. Roussel did not agree to submit to polygraph test. Rather, she was simply confirming the truthfulness of her testimony. For Plaintiff's counsel to indicate that he concluded the deposition on the basis of her testimony that she would take a polygraph test is a mischaracterization of the deposition testimony and the interaction between the deponent and the attorneys.

Plaintiff's counsel claims that his grounds for taking Dr. Roussel's deposition a second time are to inquire into her post-deposition refusal to take the polygraph and the further inquire into her denial concerning the statements delineated in 49-55 of the Amended Complaint.

Plaintiff claims that there is no way to obtain the information sought other by taking the second deposition of Dr. Roussel, however, Plaintiff has issued written discovery further

inquiring into Dr. Roussel's post-deposition refusal to take the polygraph. There is no reason to compel Dr. Roussel to submit to a second deposition on these grounds.

Additionally, Dr. Oller already had the opportunity to question Dr. Roussel on paragraphs 49-55 of the Second Amended Complaint. Dr. Roussel was questioned with regard to the statements delineated in her deposition on December 2, 2013. (See Plaintiff's Exhibit A, page 130, 134-135). She testified that did not make the alleged statements. Plaintiff does not have good cause to re-depose her to ask her the same questions again.

**B. The Second Deposition of Dr. Nancye Roussel Violates the Principles of Discovery pursuant to Federal Rule 26(b)(2) and should be Prohibited.**

To compel Defendant to submit to a second deposition based upon the grounds cited by Dr. Oller would violate the principles of discovery provided by Federal Rule 26(b)(2). Namely that the discovery would be unreasonable cumulative or duplicative, and Dr. Oller has had ample opportunity by discovery to obtain the information sought. Furthermore, the burden of taking a second deposition of the defendant clearly outweighs any benefit.

The Fifth Circuit has addressed this exact issue in *Chevron USA Inc. v. Aker Maritime, Inc.*, 2007 WL 1558710 (E.D. Louisiana 2007). In *Chevron*, court denied plaintiff's motion for leave to take the second deposition of a witness on the basis that there was not good cause shown for the re-taking of the deposition. The court held that there was no new evidence that would prompt the re-deposition, plaintiff had a full opportunity to depose the witness about the issues is now

sought to question her about again, and requiring her re-deposition would be <u>unreasonably cumulative and duplicative, particularly when plaintiff has already had ample opportunity in this case to obtain the information it seeks...</u>" Further, the court held that any benefit to the re-deposition was far outweighed by its burden.

Accordingly, there is no benefit to allowing the Plaintiff to re-take the deposition of Dr. Roussel and to allow the re-taking of her deposition will be a burdensome, cumulative and duplicative. He has had ample time to obtain the information he seeks in her second deposition, and in fact has already questioned her on the statements delineated in the Amended Petition paragraphs 49-55. Dr. Oller has not shown any valid or reasonable grounds for re-taking the deposition.

C. **The Admissibility of a Polygraph Test in Federal Court is Irrelevant**

Dr. Oller's motion is an attempt to distract from the real issues in his lawsuit and to harass Dr. Roussel. Even if Dr. Roussel's testimony could be interpreted as an agreement to submit to a polygraph, which is denied, her change of heart is irrelevant. Dr. Roussel cannot be compelled to take a polygraph test, and to compel a deposition wherein she is asked why she will not take a polygraph is nonsensical and another method of harassment by Plaintiff. Since Dr. Roussel is under no legal obligation to take a polygraph test, her reasoning for not wanting to submit to same is irrelevant and there is no need for Plaintiff to inquire about same.

Dr. Oller argues that polygraph evidence is admissible in federal court. First of all, this motion is not for the purposes of determining the admissibility of a polygraph test, and therefore any argument with regard to the admissibility of a polygraph test is irrelevant.

### Conclusion

WHEREFORE, Defendants pray that this Court deny the Motion to Compel the Second Deposition of Defendant Roussel for Limited Purposes. Plaintiff has failed to show good cause why he should be allowed to re-take her deposition, and seeks only to obtain cumulative and duplicative discovery.

Respectfully submitted,

JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL

**Special Assistant Attorney Generals**
**OATS & MARINO**
**STEPHEN J. OATS**, Bar Roll No. 2018
**CEARLEY W. FONTENOT**, Bar Roll No. 30502
**ROBIN J. MAGEE**, Bar Roll No. 25735
Suite 400, Gordon Square
100 East Vermilion Street
Lafayette, Louisiana 70501
(337) 233-1100

By:   s/Cearley W. Fontenot

**ATTORNEYS FOR DEFENDANTS, Nancye C. Roussel, A. David Barry and Martin J. Ball**

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2014, I electronically submitted the foregoing document to the Clerk of Court via the CE/ECF system, which will send notification of such filing to the following:

Mr. John B. Wells
johnlawesq@msn.com

s/Cearley W. Fontenot
**CEARLEY W. FONTENOT**